Filed 7/5/16  P. v. Camargo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063204 |
| v. | (Super.Ct.No. BLF1400228) |
| NIGEL THOMAS CAMARGO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Steven L. Harmon, Public Defender, Laura B. Arnold, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Nigel Thomas Camargo appeals the denial of his motion to reconsider his petition to reduce his second degree conviction of burglary (Pen. Code, §§ 459, 460)[1] to a misdemeanor pursuant to Proposition 47. For the reasons stated below, we affirm the order without prejudice.

I

FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2014, a felony complaint was filed charging defendant with burglarizing the Salud Corporation (Penal Code, § 459; count 1) located in the city of Blythe; possession of a controlled substance, to wit, acetaminophen and codeine phosphate (Tylenol 3) (Health & Saf. Code, § 11350, subd. (a); count 2); and petty theft with a prior from "Dr. David Brooks/Salud Corporation" of 608 prescription tablets of Tylenol 3 with three prior theft-related prior convictions (Penal Code, §§ 459, 484, subd. (a), 666, subd. (a); count 3).

On September 25, 2014, pursuant to a negotiated plea agreement, defendant pled guilty to second degree burglary (count 1) and petty theft with a prior (count 3). In return, count 2 was dismissed and defendant was sentenced to the agreed upon term of three years eight months in county jail.[2]

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] In two other matters, defendant pled guilty to misdemeanor trespassing and admitted to violating probation.

2

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47).  It went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers,"[3] unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

Proposition 47 also included a provision that allows certain offenders to seek resentencing.  Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence.  (§ 1170.18.)

On December 2, 2014, defendant filed a petition for resentencing asking the court to reduce his second degree burglary conviction to a misdemeanor pursuant to section 1170.18.[4]  The People filed a brief response to the petition asserting defendant was not entitled to relief because a "[doctor's office is] not a commercial establishment. Entered doctor's office & stole medication from storage room."

On January 30, 2015, the trial court summarily denied the petition, noting "459 PC 2nd—theft from Doctors Office."

On March 19, 2015, defendant filed a motion to reconsider the summary denial of his section 1170.18 petition with declaration and attachments.  Defendant argued that a

---

[3]  A "wobbler" is a crime that can be charged as either a felony or a misdemeanor.

[4]  Defendant's petition failed to mention his petty theft with a prior conviction.

doctor's office was a "commercial establishment," and therefore under Proposition 47, his crime constituted shoplifting as provided in section 459.5. Attached to the motion were copies of Blythe City Code Ordinances. The motion noted that the Blythe Code of Ordinances define "administrative/professional services, medical services, *and* retail sales stores as 'Commercial' uses for zoning purposes" and therefore "the city of Blythe itself has decreed by ordinance that a doctor's office is as much a 'commercial establishment' as a retail sales store."

On March 30, 2015, the People filed an opposition to defendant's motion, arguing that a doctor's office was "not a 'commercial establishment' within the meaning of section 459.5."[5] The People asserted that since the Penal Code did not define the meaning of "commercial establishment," the court should "utilize the plain, commonsense meaning" of the term. The People noted that one dictionary definition of " 'commercial' " is " 'pertaining to commerce' "; that " 'commerce' " is defined as the " 'buying and selling of goods' "; and that the dictionary definition of "shoplifting" is " 'to steal goods on display from a store.' " The People concluded that "the newly-defined [*sic*] crime of shoplifting does not apply to entries into a doctor's office," noting that in this case, the items were stolen out of the doctor's back supply room.

The hearing on defendant's motion to reconsider the denial of his petition to recall his sentence and for resentencing was held on March 30, 2015. At that time, the court

---

[5] The People conceded defendant's petty theft with a prior conviction (count 3) was "eligible for a reduction" to a misdemeanor.

4

stated it had denied the initial request because defendant had stolen from a doctor's office, which the court determined was not a commercial establishment, noting its main job is a service. The court added that it recalled "it wasn't even that he went into the front of the doctor's office that was engaged in business, I think he entered an upstairs section of a storage part of a doctor's office."

The court further explained: "You are not entering into the establishment where the commercial part of it is happening. [¶] So, number one, I don't find a doctor's office is a commercial establishment, but, secondly, he had to enter into the storage area of a doctor's office, and I believe it was literally on the second floor of the doctor's office, not even where the doctor's office was doing business. [¶] So for all those reasons, I'm going to deny the motion. I think it's appropriate that it's not eligible. I don't think Prop 47 intended it to be eligible."

Defendant's counsel disputed the storage room being on the second floor, noting the store room was "comparable to a storage room like at a Best Buy or Target." Defense counsel objected on the record to the court's factual determination the storage room was on the second floor, noting the court was looking beyond the record of conviction. The court replied that it may have obtained the information in a declaration in support of an arrest warrant, which is part of the record, and that it did not rely on the police reports.[6] The court also noted that when it accepted defendant's guilty plea, it was not anticipating Proposition 47, and was only looking for a factual basis that defendant

---

[6] The record does not contain any police reports or arrest warrant declarations.

5

entered a building with an intent to steal. The court added, "And even if it wasn't upstairs, it was in a storage part of the doctor's office that was not where they even practice. But even if it—even so, I don't think a doctor's office is included."

## II

## DISCUSSION

Defendant argues that the trial court violated its own protocol as well as his due process rights when it summarily denied his section 1170.18 petition without notice and the opportunity to be heard. He further asserts that the trial court erred in denying his motion to reconsider his section 1170.18 petition because its factual determination of ineligibility was not supported by competent admissible evidence. Finally, he argues his felony conviction for second degree burglary based on his theft of 608 tablets of acetaminophen and Tylenol 3 from a doctor's office supply room may be reduced to misdemeanor shoplifting under section 459.5.

The People respond that defendant's first claim is moot as the trial court ultimately conducted a hearing on his section 1170.18 petition; that burglary is not one of the Penal Code sections that qualifies for resentencing; and that a doctor's office is not a "commercial establishment." The People further argue that defendant's separate entry into a store room within the doctor's office with the intent to steal was a burglary and that defendant failed to show the value of the pills he stole was less than $950 as required by section 1170.18.

6

A.    *Standard of Review*

When interpreting a voter initiative, we apply the same principles that govern statutory construction.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459 (*Briceno*); *People v. Rizo* (2000) 22 Cal.4th 681, 685-686.)  We first look " ' "to the language of the statute, giving the words their ordinary meaning." ' "  (*Briceno* at p. 459; *Rizo* at p. 685.)  " 'The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  [Citation.]'  [Citation.]  In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' "  (*Briceno*, *supra*, at p. 459.)  Our review is de novo.  (*California Chamber of Commerce v. Brown* (2011) 196 Cal.App.4th 233, 248.)

B.    *Overview of Proposition 47 and Section 1170.18*

As previously noted, on November 4, 2014, voters approved Proposition 47, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18.  (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.)  Section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions

7

in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Specifically, Penal Code section 1170.18 provides: "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

"A person who satisfies the statutory criteria shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' ([Penal Code, § 1170.18], subd. (b).)" (*People v. Lynall*, *supra*, 233 Cal.App.4th at p. 1109.)

Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70 (Pamphlet).)

8

C.    *Defendant's Offenses*

Before Proposition 47 was passed, defendant was charged with, and pleaded guilty to "wilfully and unlawfully" entering a "certain building located at Salud Corporation . . . with [the] intent to commit theft and a felony" (italics omitted) in violation of section 459. Section 459 defines burglary as the unauthorized entry into a variety of locations with the intent to commit a felony or petit larceny. The crime defendant committed was breaking into a doctor's office supply room and stealing 608 Tylenol 3 tablets. The term "commercial" became relevant in the context of the crime of burglary only after the enactment of Proposition 47, which created the new crime of "shoplifting," a misdemeanor offense that punishes certain conduct that previously would have qualified as a burglary. Now codified at section 459.5, the statute added by the initiative provides: "(a) Notwithstanding Section 459 [the burglary statute], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor. . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (Pamphlet, text of Prop. 47, § 5, p. 71.) The ballot pamphlet for Proposition 47 explained that "[u]nder current law, shoplifting property worth $950 or less (a type of petty theft) is

9

often a misdemeanor. However, such crimes can also be charged as burglary, which is a wobbler. Under this measure, shoplifting property worth $950 or less would always be a misdemeanor and could not be charged as burglary." (Pamphlet, analysis of Prop. 47, p. 35.)

Section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under section 459.5, which was added to the Penal Code, defendant had to allege facts in the petition that he would have been guilty of a misdemeanor violation of section 459.5 rather than the felony conviction.

In this case, defendant failed to prove, or to allege any facts to support, the value of the 608 Tylenol 3 tablets was less than $950. The petitioner has the burden of establishing eligibility for relief under section 1170.18. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*).)

In *Sherow*, *supra*, 239 Cal.App.4th 875, the court observed that "Proposition 47 does not explicitly allocate a burden of proof." (*Id*. at p. 878.) The court stated that "applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing" (*ibid*.) and therefore must "show the property loss . . . did not exceed $950 and thus fell within the new statutory definition of shoplifting." (*Id*. at p. 877.) The court noted the well-settled principle that " ' "[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or

10

defense he is asserting" ' " (*id*. at p. 879) and explained, " '[t]he petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18[, subdivision] (a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5 . . . or 496, the petitioner will have the additional burden of proving the value of the property did not exceed \$950.' " (*Sherow*, *supra*, at p. 879, quoting Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2015) <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 11, 2015] p. 40.) The court further noted, "It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Sherow*, at p. 878; accord, *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 (*Rivas-Colon*).) Thus, "[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he [or she] made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Sherow*, *supra*, at p. 880.) We believe the court in *Sherow* reached the correct result on the issue, and we adopt the analysis and conclusion of that court.

In *Rivas-Colon*, *supra*, 241 Cal.App.4th 444, citing *Sherow*, *supra*, 239 Cal.App.4th 875, the court rejected the defendant's argument that the prosecution had the burden of establishing the value of the property was more than \$950. (*Rivas-Colon*, at

11

p. 449.) The defendant in *Rivas-Colon* had stipulated to a factual basis for the plea contained in the police report, which listed the value of the property he removed from a store as $1,437.74. (*Id*. at p. 447.) The appellate court explained that the defendant had not provided any evidence or argument demonstrating that he was eligible for resentencing and therefore the trial court properly denied his resentencing petition. (*Id*. at pp. 447-448.)

Here, defendant's petition gave the trial court no information on the value of the stolen property. He has thus failed to show his eligibility for resentencing. (*Sherow*, *supra*, 239 Cal.App.4th at p. 878-880; *Rivas-Colon*, *supra*, 241 Cal.App.4th at pp. 449-450; § 1170.18, subd. (b) ["the court shall determine whether the petitioner satisfies the criteria in subdivision (a)"] & subd. (g) [court must designate the offense as a misdemeanor "[i]f the application satisfies the criteria"].) As such, the court properly denied defendant's resentencing petition.

In his reply brief, defendant argues the People forfeited any claim regarding the value of the stolen property; that the People's reliance on *Sherow* is misplaced; and that the use of the superior court's petition form for mandatory use indicated his belief the value of the property in question did not exceed $950. We reject these assertions. We agree with the reasoning in both *Sherow* and *Rivas-Colon*. These courts' analyses are consistent with the well-established rule set forth in Evidence Code section 500, which reads: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense

that he is asserting." (See *People v. Barasa* (2002) 103 Cal.App.4th 287, 295-296 [under Evidence Code section 500, defendant has the burden of proving that his drug possession or transportation was for personal use and that he was therefore eligible for sentence reduction under Proposition 36]; *People v. Atwood* (2003) 110 Cal.App.4th 805, 812 [under Evidence Code section 500, "[t]he burdens of producing evidence and of persuasion flow from a party's status as a claimant seeking relief"].) Defendant is the party who petitioned for relief, and therefore he had the initial burden of demonstrating eligibility under section 1170.18, subdivision (a). Accordingly, we reject defendant's forfeiture claim.

A due process argument has also been soundly rejected in *Sherow*, *supra*, 239 Cal.App.4th 875. The *Sherow* court explained that due process is relevant to the initial prosecution for an offense, not resentencing under Proposition 47. Resentencing concerns people who have already been proven guilty of their offense beyond a reasonable doubt. (*Sherow*, *supra*, at p. 880.) In any event, a defendant, like in the instant case, has an opportunity to present briefing to the trial court on the issue of value. Defendant's petition could have contained facts, evidence, and arguments regarding the value of the property, but the petition was devoid of any such facts, evidence, or arguments. (See *Sherow*, *supra*, at p. 880.)

Based on the foregoing, defendant was not entitled to resentencing under section 1170.18 because he did not meet his burden of showing he was eligible for resentencing under Proposition 47.[7]

In his reply brief, defendant argues that "No justification has ever been offered, in the trial court or on appeal, as to the denial of his request for resentencing as to the felony petty theft count." However, defendant never petitioned the trial court to reduce his petty theft with a prior conviction to a misdemeanor. Defendant's petition for resentencing and application for reduction to misdemeanor only notes his second degree burglary conviction. Section 1170.18 provides a petition or an application must be filed to secure the reduction to a misdemeanor. Section 1170.18 specifies that a defendant must file a petition, and it describes a procedure for the trial court to make its ruling. Here, although a petition had been filed under section 1170.18 as to his second degree burglary conviction, the petitioner failed to seek reduction of his petty theft with a prior conviction to a misdemeanor. As such, the trial court never determined whether the petty theft with a prior conviction would be a misdemeanor under Proposition 47.

Defendant is essentially asking this court on appeal that we should declare his petty theft with a prior conviction to be a misdemeanor. Nonetheless, "the plain language of section 1170.18 set forth above demonstrates that both for persons who are currently

_____

[7] Having reached this result, we need not consider the parties arguments relating to whether or not a doctor's office is considered a "commercial establishment" within the meaning of Proposition 47. We express no opinion on what evidence the trial court may consider when ruling on a petition for resentencing brought pursuant to section 1170.18.

14

serving a sentence for a felony reduced by Proposition 47, and for those who have completed such a sentence, the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) in the superior court of conviction.  [Citations.]" (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332, citing *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 [plain meaning of section 1170.18 requires person who has completed sentence for a Prop. 47 crime to file an application in the superior court]; *People v. Awad* (2015) 238 Cal.App.4th 215, 220 [section 1170.18 vests the trial court, not the appellate court, with authority to reduce a felony for person currently serving a sentence].)  Accordingly, we cannot provide the remedy defendant seeks as to his petty theft with a prior conviction, and he has an effective remedy in the trial court.

III

DISPOSITION

The order denying defendant's petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition.  (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

McKINSTER_____
J.

MILLER_____
J.

15